332

■ ARCHIE WASHINGTON et al., Respondents, v G & L AUTO CORP. et al., Defendants, and SUSAN ROSENBERG et al., Appellants. [799 NYS2d 35]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered on or about August 9, 2004, which denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered November 24, 2004, which denied appellants' motion to renew and reargue, deemed to be from an order that denied a motion only to reargue, and, so considered, the appeal therefrom unanimously dismissed, without costs.

In this personal injury action, it is undisputed that, on a rainy rush hour morning as both vehicles were proceeding south in heavy traffic on the Bronx River Parkway, the vehicle driven by plaintiff Archie Washington, in which his wife Wilhelmena was a passenger, was struck in the rear by an automobile owned or leased by G & L Auto Corp. and driven by defendant Maximo Benitez. A third vehicle owned by defendant-appellant Rosenberg and driven by defendant-appellant Becker, which was behind Mr. Benitez's vehicle, then struck it in the rear. Not only did Mr. Benitez testify at his deposition that the third vehicle driven by Mr. Becker did not propel him into plaintiffs' vehicle, but his statements in the police accident report and the in-house insurance questionnaire are consistent with that testimony. As to the cause of the accident, Mr. Benitez consistently maintained that plaintiffs' vehicle suddenly cut into the right lane in front of him without signaling. The foregoing evidence was undisputed by any of the witnesses to the accident, including plaintiff. In finding issues of fact, the motion court attributed a contradictory statement casting blame on Mr. Becker to Mr. Benitez. However, that hearsay non-eyewitness statement was made by Guillermo Lopez, apparently a principal of defendant G & L Auto, in another in-house insurance questionnaire. His statement, that his vehicle was rear-ended by the vehicle driven by Mr. Becker after which it rear-ended plaintiffs' vehicle, fails to attribute his information to Mr. Benitez or any other source and is, at best, rank speculation that is insufficient to

defeat defendants-appellants' motion for summary judgment. Concur—Tom, J.P., Andrias, Sullivan, Nardelli and Williams, JJ.